Battle, J.
The right of the plaintiff to artecree that the heirs at law of Thaddeus W. Whitley shall execute to the heir at law of her deceased husband Bryan.Smith, a-conveyance for the tract of land mentioned in-the pleadings, for the purchase of which there had been a contract in the lifetime of the parties, and that she may have dower therein', is undoubted. It is equally clear that she can not have a decree for the specific execution of the contract made between her husband and herself, to-have the said tra.-t or any other tract of land or negroes of equivalent value, settled upon her in consideration of the price of the land sold under the circumstance’s mentioned hr the bill. The contract which she made with her husband was by parol, and therefore void ' by the statute of frauds, (Rev. Code, ch. 50, sec. liy, só far at least as,a specific execution is sought to be enforced. But, wé think, the wife is entitled under the contract to the proceeds of'her land which was sold in consequence of it, subject to tiie interest which her Lnsbaud as such, had in the land. It is well settled that a husband may,’after marriage, make gifts or presents to his wife which will bo supported in equity against himself and his representatives. Lucas vs. Lucas 1 Atk, Rep. 270, Garner vs. Garner Basb Eq. 1, Atherley on Mar. Set. 331. If a promise made, without a valuable consideration, to a wife, though imperfectly executed, will be enforced *32 against bis personal representatives after his death where his intention had remained unaltered until that event, much more ought-it to be enforced where she stands in the position of purchaser of tie intended benefit for a full and fair value- See Adams Eq. f'Y.
The only question about which there can be any doubt, is as to the amount to which the wife is entitled. After giving to the argument of her counsel that attention to which for its ability and ingenuity it is entitled, and after mature deliberatiou on the subject, we are of opinion that •she can not claim the whole price of her land, with interest from the death of her husband, but that the sum due her must” be estimated upon the following principles. The-contract for the settlement upon her of land or slaves, being made void by the statute of frauds, must be put entirely aside. Ho far as it entitles her to the money for which her land was sold, the epu tract must be considered in this court as having been executed at the time when the price of the land was received by her husband : and as I.e had aixinte"-est for life in the land as tenant by the curtesy, ho had the s .mo interés'..' in the proceeds the sale. T.-jc relative varae of lit: interest and heirs must be ascertained as of that time,, and as the fuels then enisled, otherwise the maxim, in equity that what ought to have j.oen done, will ho covr-idored as done will be violated. Hoe Adams Eq. 135. When -the'amount to winch the wife is entitled is thus ascertained, she will be entitled to it, increased by the (i-1 crest thereon from the time it came into the hands cf her husband. ■ ■ ’
The argument against this mode of estimating the relative rights of the tenant for life and the owner of the reversion, founded upon the idea that it is better to make calculations upon certain and ascertained facts, than upon uncertain and contingent events, will be found in práctico *33 more plausible than just. Suppose the owner for life of a valuable male slave, were to agree with the owner of the ulterior interest, to have him sold for the purpose of dividing the proceeds according to their respective ownerships, and the life tenant should die a week, after the sale, would it be a just and fair execution of their agreement, to give his personal representative nothing, or next- to nothing ? The death of the life tenant in so short a time, was certainly ■ not within the contemplation of the parties, and therefore ought not to control a division which was intended to.be'made between living men, having each his chance for a long or .a short lite. At the time when the contract was made, it is manilect that the interest of the life tenant of such a slave -would he regarded as nearly his whole value, and it must ho presumed that the partita had reference to that in making their agreement for a salo. ¡Such being the case, subsequent events can not fairly be allowed to change the principle upon which their contract was founded. The true rule is,-whrt we have ribuve indicated, .and the plaintiff may have a decree tor Uie value of her interest in the price of her land, ascertained according to that rale. .